NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0251n.06

Case No. 24-3890

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

May 16, 2025

KELLY L. STEPHENS, Clerk

HARNIK RAMESH CHAUDHARY,

  Petitioner,

v.

PAMELA BONDI, Attorney General,

  Respondent.

)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM
THE UNITED STATES BOARD OF
IMMIGRATION APPEALS

OPINION

Before: COLE, READLER, and RITZ, Circuit Judges.

**RITZ, Circuit Judge.** An Immigration Judge denied Harnik Chaudhary's application for cancellation of removal. Chaudhary filed an appeal to the Board of Immigration Appeals (BIA), but the BIA dismissed his appeal as untimely. He then filed a motion to reconsider, which was also denied as untimely. Chaudhary then petitioned for review of the BIA's reconsideration order in this Court. We deny Chaudhary's petition.

**BACKGROUND**

Chaudhary was born in India and has lived in the United States since 2007, when he entered on a student visa. He married a U.S. citizen, and they have a daughter together.

Chaudhary overstayed his visa, and in 2018 the government began removal proceedings against him. He applied for cancellation of removal based on the hardship that his wife and daughter would face if he returned to India. On November 6, 2023, an Immigration Judge denied Chaudhary's application and issued a removal order. Chaudhary had 30 days, until December 6, to appeal the decision.

On December 5, 2023, Chaudhary's counsel sent his appeal to the BIA via overnight delivery, and it was delivered on December 6. However, the BIA rejected the appeal due to missing signatures. On December 21, Chaudhary's counsel filed the corrected appeal. On June 28, 2024, the BIA dismissed Chaudhary's appeal as untimely. Chaudhary had 30 days, until Monday, July 29, to file a petition for review or a motion to reconsider.

Chaudhary's counsel filed a motion to reconsider on July 23, 2024. On July 25, the BIA rejected the motion because Chaudhary's counsel did not pay the filing fee. On August 6, Chaudhary's counsel correctly filed the motion to reconsider. In September, the BIA denied the motion as untimely. Chaudhary now appeals.

## ANALYSIS

The threshold issue is which BIA action we may properly consider. Chaudhary primarily argues that we should overturn the BIA's June summary dismissal of his appeal. The government, however, argues that Chaudhary failed to petition for review of that order within the allotted time, and as such we may only consider the September denial of Chaudhary's motion to reconsider. We agree with the government.

Deportation orders are final and reviewable when issued, and reviewability on appeal is not impacted by a subsequent filing of a motion to reconsider. *Stone v. INS*, 514 U.S. 386, 405-06 (1995), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 421 (2023). Therefore, the filing of a motion to reconsider does not equitably toll or otherwise affect the deadline for filing an appeal. *Id.* Bolstering this conclusion, the Supreme Court has held there is no need for a noncitizen in removal proceedings to seek administrative reconsideration from the BIA before pursuing a direct appeal. *Santos-Zacaria*, 598 U.S. at 428-29. Indeed, the relevant statutes contemplate that noncitizens will pursue "judicial review and agency reconsideration *in*

*parallel*" and will not "wait[] to seek judicial review until after reconsideration is complete." *Id.* at 428 (citing 8 U.S.C. §§ 1252(b)(1), 1229a(c)(6)(B)).

Chaudhary's petition to review the BIA's June decision was due within 30 days. *See* 8 U.S.C. § 1252(b)(1). Chaudhary instead filed a motion to reconsider the BIA's denial of his appeal, which the BIA then dismissed as untimely. Chaudhary may now petition to review the denial of his motion to reconsider, as he filed the petition within 30 days of that denial. *See id.* § 1252(b)(1); *see also Stone*, 514 U.S. at 405-06. But Chaudhary did not seek review of the BIA's June decision within 30 days. Therefore, we may only consider the BIA's September denial of Chaudhary's motion to reconsider.

We review BIA decisions denying a motion to reconsider for abuse of discretion. *Yeremin v. Holder*, 738 F.3d 708, 718 (6th Cir. 2013). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law" or issues a decision that is "made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." *Id.* (alterations in original) (quoting *Alizoti v. Gonzales*, 477 F.3d 448, 451, 453 (6th Cir. 2007)).

The BIA denied Chaudhary's motion to reconsider because it was not properly filed before the July 29, 2024 deadline. *See* 8 U.S.C. § 1229a(c)(6)(B). The motion was first submitted on July 23 and then rejected on July 25 for failure to pay a filing fee. The motion was re-filed properly on August 6.

The BIA has held that the filing deadlines to appeal BIA decisions are not jurisdictional limits and therefore subject to equitable tolling. *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 716-17 (BIA 2023). However, for a deadline to be equitably tolled, a party must show two things: (1) he pursued his rights diligently, and (2) some extraordinary circumstance prevented timely filing. *Id.* at 717 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In allowing this exception,

the BIA also recognized that deadlines are "essential for the overall working of an immigration court system in order to bring cases to a final conclusion." *Id.* at 716. Accordingly, even an appeal "that is merely 1 day late" is untimely if the party cannot make the two required showings. *Id.* at 717.

Here, Chaudhary argues that equitable tolling should apply, but he does not attempt to make either showing. To be clear, he should have made his argument for equitable tolling in his untimely motion to reconsider. The BIA's July 25, 2024, rejection of his motion for reconsideration stated that the rejection "DOES NOT EXTEND THE ORIGINAL STRICT TIME within which you must file your motion," and added: "If you file your corrected motion after original time limits . . . , you must make a request to the [BIA] to accept your motion." A.R. 7. The BIA's notice also specified that "[y]our request to accept your untimely motion must clearly establish both diligence in the filing of the motion and that an extraordinary circumstance prevented timely filing." *Id.* Chaudhary's resubmitted motion made no such request, and we can affirm the BIA's denial of that motion on this basis alone.

Even excusing Chaudhary's failure to request equitable tolling at the time of filing, he has also failed to make the requisite showing of diligence or extraordinary circumstances in his petition for review. He asserts only that the motion was "originally filed within the 30 day deadline, but lacked a fee payment due to an error by a staff member." CA6 R. 16, Pet'r Br., at 11.

We reject that argument. First, staff error may not always rise to the level of an "extraordinary circumstance," which "may include those situations where reasonable expectations about an event's occurrence are interrupted." *Morales-Morales*, 28 I. & N. Dec. at 717. The quintessential example is a courier service that does not meet its guarantee. *Id.*; *see also Diaz-*

*Valdez v. Garland*, 122 F.4th 436, 447-48 (1st Cir. 2024). We need not decide whether staff error here would rise to the same level, because Chaudhary has not attempted to argue diligence.

Even accepting that the 12-day delay between the motion's rejection and its refiling was immediate, Chaudhary offers "no explanation about what steps, if any, [he] took in the first 25 days to pursue an appeal." *Morales-Morales*, 28 I. & N. Dec. at 717. The BIA has made clear that merely acting with urgency close to deadlines is not enough to establish diligence. *Id.* Further, Chaudhary has not explained the steps taken in the 12-day interim between the motion's rejection (four days prior to the filing deadline) and its subsequent refiling (eight days after). A bare statement of immediacy, without explanation, does not establish diligence.

Equitable tolling requires an explanation of diligence and extraordinary circumstances, which Chaudhary has not provided. Therefore, the BIA did not abuse its discretion in denying Chaudhary's untimely motion to reconsider.

## CONCLUSION

We deny the petition for review.